**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-20-00495-001-PHX-DLR |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Atif Mikal Burke, | |
| Defendant. | |

This matter comes before the Court sua sponte. The Court announced its decision to continue the trial in open court on November 10, 2020. (Doc. 64.). The Court is entering this order to more fully explain its reasoning. As previously announced in open Court, the Court will continue the trial until February 3, 2021 and exclude the period from the date of this order's entry until February 3, 2021 from computation under the Speedy Trial Act ("STA") for the following reasons.

On October 30, the Court issued a sequestration order to consensually sequester Defendant for 14 days prior to trial, beginning on November 9. (Doc. 59.) The district's sequestration procedures were enacted to prevent defendants proceeding to trial from contracting COVID-19 to ensure their own safety and the safety of jurors and court personnel. On November 9, 2020, when the correctional employee arrived to transfer Defendant into pre-trial sequestration, Defendant refused to go. At the November 17, 2020, hearing the Court entered into evidence the Central Arizona Florence Correctional Complex's incident statement, which reported that Defendant refused to be sequestered.

Defendant is at higher risk of contracting the coronavirus, an already highly contagious disease that may be spread by people exhibiting no symptoms, because he is in prison—a restricted environment where individuals must live in close proximity. *See* CDC, *People Who are Incarcerated at Correctional and Detention Facilities* and *Family Members of People Who are Incarcerated at Correctional and Detention Facilities*[1] ("People in correctional and detention facilities are at greater risk for . . . COVID-19, because of close living arrangements with other people" and "[i]ncarcerated and detained people spend almost all of their time within congregate environments where groups of people share the same space, which increases the chance for COVID-19 to spread once introduced."). Should Defendant contract coronavirus, aside from the dangers to himself, there is an unreasonable risk that—should the Court proceed with trial as planned—he would spread the virus to others in the courtroom. The Court is responsible for preserving the health and safety of everyone in the courtroom and takes this duty seriously. Defendant's presence in the courtroom, without the two-week voluntary sequestration, poses too great a risk to the health and safety of everyone involved during this stage in the pandemic. Particularly, since October, coronavirus cases have spiked nationwide and Arizona has experienced more than a doubling in the positivity rate for coronavirus tests and rising hospitalizations and ICU admissions.

Pursuant to 18 U.S.C. § 3161(h)(7), when deciding whether a continuance shall be excluded from the time used to calculate the last day a defendant may be brought to trial under the STA, the Court must perform a balancing test to determine if the ends of justice served by continuing the trial outweigh the best interests of the public and the defendant in a speedy trial.

The first statutory factor in the balancing test considers whether the failure to apply an ends-of-justice continuance "would be likely to make a continuation of [the] proceedings impossible, or result in a miscarriage of justice." 18 U.S.C. §

---

[1] Available at https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/faq.html.

3161(h)(7)(B)(i). Here, in the absence of the ends-of-justice continuance, Defendant's speedy trial clock will soon expire. At that point, the Court will have to dismiss the charges. Therefore, the Court's failure to grant an ends-of-justice continuance in this case "would be likely to make a continuation of [this] case impossible." The first factor therefore weighs in favor of granting a continuance.

The second factor, complexity, weighs in favor of Defendant's and the public's interest in a speedy trial, because this case is not particularly complex. 18 U.S.C. § 3161(h)(7)(B)(ii). The third factor, pre-indictment delay, has no bearing on the Court's determination. 18 U.S.C. § 3161(h)(7)(B)(iii). The fourth factor, competency and continuity of counsel, requires the Court to consider whether not applying an ends-of-justice continuance would (1) deny the defendant reasonable time to obtain counsel, (2) "unreasonably deny" either party continuity of counsel, or (3) deny either parties' counsel "reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). Neither party has alleged that they face such difficulties, as a result of COVID-19 or otherwise, that are unique to their case. This factor therefore weighs in favor of Defendant's and the public's speedy trial rights.

Finally, subsection h(7)(B) instructs judges to also consider other relevant factors during the ends-of-justice analysis. One such "other factor" is the state of our public health emergency. Based on current case trends and the lack of a reliable treatment, cure, or FDA-approved vaccine, the Court is currently unable to hold trial with an unsequestered defendant in a way that does not put all those in the courtroom at serious risk of facing severe health consequences. Public health and safety considerations weigh heavily in favor of applying a continuance.

Even absent the aforementioned considerations that spurred the Court's November 10, 2020 decision to continue the trial, General Order 20-40, issued on November 19, has since postponed all jury trials scheduled for November and December until further notice. In sum, because of the risk posed to everyone in the courtroom by a defendant who refuses to sequester and because General Order 20-40 has mandated the continuance of all trials

set for November and December that have not yet commenced, the Court will not proceed with the trial as scheduled.   After carefully weighing the factors, the Court finds that the ends of justice served by applying an exclusion of time continuance outweigh Defendant's and the public's interests in a speedy trial.  The Court has rescheduled this trial for February 3, 2021, at which point the Court intends to move forward with proceedings; therefore, the time excluded under the STA will not be indefinite.  *United States v. Jordan*, 915 F.2d 563, 565 (9th Cir. 1990).

**IT IS ORDERED** that the jury trial in this matter is continued until February 3, 2021.

**IT IS FURTHER ORDERED** that the time from the date of this order through the first day of trial, February 3, 2021, shall be excluded from computation under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A).

Dated this 20th day of November, 2020.

Douglas L. Rayes
United States District Judge