**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-20-00495-001-PHX-DLR |
| Plaintiff, | **AMENDED ORDER** |
| v. | |
| Atif Mikal Burke, | |
| Defendant. | |

This matter comes before the Court sua sponte. The Court announced its decision to continue the trial in open court during a telephonic status conference on June 1, 2021. (Doc. 103.). The Court is entering this order to more fully explain its reasoning. As previously announced, the Court will continue the trial until August 26, 2021 and exclude the period from the date of this order's entry until August 26, 2021 from computation under the Speedy Trial Act ("STA") for the following reasons.

Like it has done previously, on May 7, 2021, the Court issued a sequestration order to consensually sequester Defendant for 14 days prior to trial. (Doc. 99.) The district's sequestration procedures were enacted to prevent non-vaccinated defendants proceeding to trial from contracting COVID-19 to ensure their own safety and the safety of jurors and court personnel. On May 26, 2021, when Officer Coronado, the correctional employee assigned to transfer Defendant into pre-trial sequestration, met with Defendant, Defendant refused to go. In an effort to circumvent the sequestration requirement, at the June 1, 2021

hearing, the Court sought information regarding whether Defendant has been vaccinated against COVID-19. However, Defendant refused to appear at the conference and has rebuffed counsel's efforts to determine his vaccinated status. Without proof that Defendant is vaccinated, the Court must assume that he remains unvaccinated.

With this assumption in mind, the Court finds the following. Defendant is at higher risk of contracting the coronavirus, an already highly contagious disease that may be spread by people exhibiting no symptoms, because he is in prison—a restricted environment where individuals must live in close proximity. *See* CDC, *People Who are Incarcerated at Correctional and Detention Facilities* and *Family Members of People Who are Incarcerated at Correctional and Detention Facilities*1 ("People in correctional and detention facilities are at greater risk for . . . COVID-19, because of close living arrangements with other people" and "[i]ncarcerated and detained people spend almost all of their time within congregate environments where groups of people share the same space, which increases the chance for COVID-19 to spread once introduced."). Should Defendant contract coronavirus, aside from the dangers to himself, there is an unreasonable risk that— should the Court proceed with trial as planned—he would spread the virus to others in the courtroom, particularly those who remain unvaccinated. The Court is responsible for preserving the health and safety of everyone in the courtroom and takes this duty seriously. Defendant's presence in the courtroom, without the two-week voluntary sequestration, poses too great a risk to the health and safety of everyone involved.

Pursuant to 18 U.S.C. § 3161(h)(7), when deciding whether a continuance shall be excluded from the time used to calculate the last day a defendant may be brought to trial under the STA, the Court must perform a balancing test to determine if the ends of justice served by continuing the trial outweigh the best interests of the public and the defendant in a speedy trial.

The first statutory factor in the balancing test considers whether the failure to apply an ends-of-justice continuance "would be likely to make a continuation of [the] proceedings impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i).

Here, in the absence of the ends-of-justice continuance, Defendant's speedy trial clock will soon expire. At that point, the Court will have to dismiss the charges. Therefore, the Court's failure to grant an ends-of-justice continuance in this case "would be likely to make a continuation of [this] case impossible." The first factor therefore weighs in favor of granting a continuance.

The second factor, complexity, weighs in favor of Defendant's and the public's interest in a speedy trial, because this case is not particularly complex. 18 U.S.C. § 3161(h)(7)(B)(ii). The third factor, pre-indictment delay, has no bearing on the Court's determination. 18 U.S.C. § 3161(h)(7)(B)(iii). The fourth factor, competency and continuity of counsel, requires the Court to consider whether not applying an ends-of-justice continuance would (1) deny the defendant reasonable time to obtain counsel, (2) "unreasonably deny" either party continuity of counsel, or (3) deny either parties' counsel "reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). Neither party has alleged that they face such difficulties, as a result of COVID-19 or otherwise, that are unique to their case. This factor therefore weighs in favor of Defendant's and the public's speedy trial rights.

Finally, subsection h(7)(B) instructs judges to also consider other relevant factors during the ends-of-justice analysis. One such "other factor" is the state of our public health emergency. Based on the Court's duty to protect the health and safety of those in the courtroom, the Court is currently unable to hold trial with an unsequestered and presumably unvaccinated defendant in a way that does not put Defendant and others in the courtroom at serious risk of facing severe health consequences. Public health and safety considerations weigh heavily in favor of applying a continuance.

There have been many safety protocols established by the Chief Judge to protect the safety of those in the courthouse and to assure jurors coming from all over the state that they will not be exposed to unnecessary risk. One of those procedures was sequestration of all unvaccinated defendants coming from the prison for trial. Defendant was informed that, if he refused to sequester, the trial would be continued. This is the third trial that has

been continued because of Defendant's refusal to cooperate in the sequestration process. Because of the risk posed to individuals in the courtroom by an unvaccinated defendant who refuses to sequester, the Court finds that it would be unreasonable to proceed with the trial as scheduled.

The Court has considered allowing Defendant to appear by video and otherwise proceed with trial as planned. However, with Defendant's Sixth Amendment right to confrontation in mind, the Court is not inclined to restrict Defendant's participation to virtual interaction. Rather, it is in the interests of justice to continue the trial to enable Defendant's complete in-person participation.

After carefully weighing the factors, the Court finds that the ends of justice served by applying an exclusion of time continuance outweigh Defendant's and the public's interests in a speedy trial. The Court has rescheduled this trial for August 26, 2021, at which point the Court intends to move forward with proceedings; therefore the time excluded under the STA will not be indefinite. *United States v. Jordan*, 915 F.2d 563, 565 (9th Cir. 1990).

**IT IS ORDERED** that the jury trial in this matter is continued until August 26, 2021, 2021.

**IT IS FURTHER ORDERED** that the Court finds excludable delay under Title 18 U.S.C §3161(h)(7)(A) from 6/10/2021 to 8/26/2021.

Dated this 2nd day of July, 2021.

_____
Douglas L. Rayes
United States District Judge